IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

EMILY HARRIS,                *
                             *
        Plaintiff,           *
v.                           *
                             *  CIVIL ACTION NO. 18-00190-CG-B
SAMUEL LESTER,               *
                             *
        Defendant.           *

## REPORT AND RECOMMENDATION

Petitioner Emily Harris filed the instant "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" on behalf of Z.L.,[1] her minor child. (Doc. 1). This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Ala. GenLR 72(a)(2)(S). For the reasons set forth below, it is RECOMMENDED that Harris' petition be **dismissed** for lack of jurisdiction because Z.L. is not "in custody" for habeas corpus purposes.

I.   **FACTUAL BACKGROUND**

Harris states that she and Z.L. have been Alabama residents since October 2017. (Doc. 1 at 1). She contends that Respondent, Samuel Lester, represented to the 442nd Judicial District Court in Denton County, Texas, that he is the father of Z.L., and furnished to the Court a letter bearing Harris' signature. The letter granted

---
[1] While Harris utilizes her child's full name in the petition, this Court references the minor child by her initials, "Z.L."

Lester "managing conservatorship" over Z.L. (Id. at 1, 18). Harris maintains that she signed the letter under duress, and that the 442nd Judicial District Court erroneously assumed jurisdiction over the matter of the custody of Z.L. and ultimately entered an order granting custody of Z.L. to Respondent Lester. (Id. at 1, 23-37, 32-33). According to Harris, she received a notice on April 19, 2018, to appear with Z.L. the following day at the Strickland Youth Center in Mobile, Alabama, and that when she did so, Z.L. was placed in the custody of Respondent Lester, and the two returned to Texas. (Id. at 2-3).

Harris filed the instant action seeking habeas relief on April 20, 2018. She is seeking an order from this Court "deny[ing] any legal authority to adjudicate Samuel Lester claim until he has presented to this court sufficient evidence that he is lawfully entitled to have the child in his custody in accordance with the Jurisdiction of the Courts of the State of Alabama." (Id. at 3). Harris further requests that Z.L. be returned to her custody and that jurisdiction over Z.L.'s guardianship be vested in the Circuit Court of Mobile County, Alabama. (Id.).

**II. DISCUSSION**

§ 2241 is the statutory grant of authority to federal courts to issue a writ of habeas corpus when certain jurisdictional prerequisites are satisfied. Medberry v. Crosby, 351 F.3d 1049, 1059 (11th Cir. 2003). While courts have expanded the scope of

2

jurisdiction under this section, Eleventh Circuit precedent provides that the remedy habeas corpus provides remains tied to some form of relief from the petitioner's custody. Arnaiz v. Warden, Fed. Satellite Low, 594 F.3d 1326, 1328-1329 (11th Cir. 2010). "It is clear, not only from the language of [the statutes], but also from the common law history of the writ, that the essence of habeas corpus is an attack by a person *in custody* upon the legality of *that custody* . . . ." Id. (citing Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1979))(emphasis added in Arnaiz).

The Supreme Court has stated that the writ of habeas corpus is generally available "to challenges to state-court judgments in situations where – as a result of a state-court criminal conviction – a petitioner has suffered substantial restraints not shared by the public generally." Lehman v. Lycoming Co. Children's Serv. Agency, 458 U.S. 502, 510, 102 S. Ct. 3231, 73 L. Ed. 2d 928 (1982). Thus, while the typical habeas corpus petitioner is a prisoner who wishes to challenge their conviction, the Supreme Court has extended the remedy to those petitioners who, while not actually physically incarcerated, have "suffered substantial restraints not shared by the public generally." Id.; see also Holm v. Strange, 2016 WL 7407099 at *3, 2016 U.S. Dist. LEXIS 177724 at *7 (N.D. Ala. Dec. 22, 2016).

3

In accordance with its prior holdings that the invocation of federal habeas statutes requires a deprivation of liberty, the Supreme Court has held that habeas jurisdiction may not be invoked to challenge state-court decisions regarding parental rights or child custody. Lehman, 458 U.S. at 510-11. Children who are separated from their parents pursuant to a state court order are not prisoners and "suffer no usual restraints not imposed on other children[,]" such that "extending [habeas corpus] to challenges to state child custody decisions – challenges based on alleged constitutional defects collateral to the actual custody decision – would be an unprecedented expansion of the jurisdiction of the lower federal courts." Id. at 511-12. The Lehman Court further elaborated:

> The considerations in a child-custody case are quite different from those present in any prior case in which this Court has sustained federal-court jurisdiction under [federal habeas statutes]. The federal writ of habeas corpus, representing as it does a profound interference with state judicial systems and the finality of state decisions, should be reserved for those instances in which the federal interest in individual liberty is so strong that it outweighs federalism and finality concerns.

Id. at 515-16; see also Holm, 2016 WL 7407099 at *3, 2016 U.S. Dist. LEXIS 177724 at *7 (denying a petition for writ of habeas corpus where petitioners sought to compel the Alabama Department of Human Resources to return their son to their custody).

Here, Harris attempts to litigate the issue of her parental rights through the medium of federal habeas corpus. However, as the Lehman Court noted, federal habeas procedure does not afford federal district courts the ability to adjudicate the custodial rights of parents. The fact that Z.L. has been removed from Harris' custody does not mean that the child is "in custody" for federal habeas purposes. Because the custody requirement has not been met, this Court lacks the jurisdiction to consider the matter.

## III. CONCLUSION

Based on the foregoing, it is RECOMMENDED that Harris' habeas corpus petition (doc. 1) be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual

5

and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **22nd** day of **May 2018**.

                                        **/s/ SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**